# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-5190**　　　　　　　　　　　　　　　　　**September Term, 2024**

**1:23-cv-02008-CRC**

**Filed On:** June 26, 2025

In the Matter of: Philip Oscar Emiabata,

-------------------------------

Philip Oscar Emiabata,

　　　　Appellant

　　v.

Matthew W. Cheney, Acting United States
Trustee, Region 4,

　　　　Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**　　Katsas, Rao, and Walker, Circuit Judges

### J U D G M E N T

　　This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the Rule 28(j) letter, and the motion for appointment of counsel, it is

　　**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

　　**FURTHER ORDERED AND ADJUDGED** that the district court's July 18, 2024 order affirming the judgment of the bankruptcy court be affirmed. The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157 and District Court Local Bankruptcy Rule 5011-1(a), and the simultaneous proceedings in the District of Connecticut brought by appellant's wife did not divest the bankruptcy court of jurisdiction.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-5190**                           **September Term, 2024**

      On the merits, the bankruptcy court did not clearly err in concluding that appellant's petition for bankruptcy was filed in bad faith and therefore subject to dismissal for cause under 11 U.S.C. § 1307(c).  See King v. States Res. Corp., 233 F. App'x 1, 2-3 (D.C. Cir. 2007); Marrama v. Citizens Bank, 549 U.S. 365, 367 & n.1 (2007).  And appellant has forfeited any argument that the bankruptcy court lacked authority under 11 U.S.C. § 349(a) to impose a four-year refiling bar in any jurisdiction because he did not raise that argument in the bankruptcy court or in this court.  See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd., 45 F.4th 426, 433-34 (D.C. Cir. 2022).  Moreover, appellant has not shown that the refiling bar was an abuse of the bankruptcy court's discretion in light of his and his wife's history of bankruptcy filings and the bankruptcy court's conclusion that appellant filed in the District of Columbia to avoid the possible imposition of a filing bar if he or his wife continued to file bankruptcy petitions in the District of Connecticut.  See In re Emiabata, 642 B.R. 481, 486 (Bankr. D. Conn. 2022).

      Appellant also has not shown that the bankruptcy court violated his due process rights.  Appellant was afforded the opportunity to respond in writing to appellee's motion and to testify and present his arguments at an evidentiary hearing.  Finally, appellant's allegations of judicial bias lack merit.  See SEC v. Loving Spirit Found. Inc., 392 F.3d 486, 494 (D.C. Cir. 2004); United States v. Jackson, 627 F.2d 1198, 1207 n.20 (D.C. Cir. 1980) ("A showing of prior judicial exposure to the same parties does not suffice to demonstrate personal bias.").

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                             **FOR THE COURT:**
                                             Clifton B. Cislak, Clerk

                      BY:      /s/
                                       Daniel J. Reidy
                                       Deputy Clerk